**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TODD ETHIER,

    Plaintiff,

v.

SEVEN-ONE-SEVEN PARKING MANAGEMENT SERVICES, INC.; JASON ACCARDI & JOHN ACCARDI,

    Defendants.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TODD ETHIER (hereinafter referred to as "Plaintiff" or "Ethier") brings suit, by and through undersigned counsel, to recover money damages for unpaid overtime wages against Defendants, SEVEN-ONE-SEVEN PARKING MANAGEMENT SERVICES, INC.; JASON ACCARDI and JOHN ACCARDI ("Defendants"), stating as follows:

## INTRODUCTION

1. Defendants employed Plaintiff as a "staff accountant" in its parking services management company.

2. Defendants willfully misclassified Plaintiff as an exempt employee and did not pay Plaintiff for the many overtime hours worked on behalf of and for the benefit of Defendants.

3. This is an action to recover an employee's unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201, *et seq.* for a period going back not less than three years from the date of the filing of this lawsuit.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C.

§216(b) and 28 U.S.C. §1331 because this action involves a federal question under FLSA.

5. This Court has personal jurisdiction over this action because Defendants maintain business operations in and the damages at issue occurred in Tampa, Hillsborough County, Florida.

6. Ethier is a resident of Pinellas Park, Pinellas County, Florida within the jurisdiction of this Court.

7. Defendant, Seven-One-Seven Parking Management Services, Inc. ("Seven-One-Seven") is a Florida for Profit Corporation with its principal place of business located at 1523 North Franklin Street, Tampa, Florida 33602. Jason Acardi is the registered agent with service address at the corporate office.

8. Defendants Jason and John Acardi are employers within the meaning and definition of the FLSA as they directed and controlled the work of Plaintiff, and created the payment practices and policies at issue. Upon information and belief both are shareholder and two of the highest ranking officers of Seven One Seven Parking Management Services.

9. Plaintiff is a covered employee for purposes of the FLSA, and was employed with Defendants from October, 2014 through December 7, 2015 as a staff accountant.

10. Venue is proper in this Court pursuant to 28. U.S.C. §1391(b) as all parties reside in this district and the events giving rise to this claim occurred within this district.

## FLSA ALLEGATIONS

11. The FLSA provides that, with certain exceptions, employers must pay employees a minimum hourly wage for all compensable hours worked and overtime of at least one and one-half times their regular hourly rate of pay for any hours worked over forty in a week. *See* 29 U.S.C. §§ 206, 207(a)(1). The Act exempts certain employees from the minimum wage and overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of

showing that the exemption applies" S*ee Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

12. Defendants controlled all aspects of Plaintiff's work and employment including his schedule, pay, methods and tools.

13. Defendants also created the policy of deducting pay from salaried exempt employees for partial day absences due to sickness, illness or other time missed.

14. As a staff accountant, Plaintiff's activities did not include analyses and conclusions directly related to management policies such as production, costs or sales.

15. As a staff accountant, Plaintiff did not exercise independent judgment nor discretion.

16. As a staff accountant, Plaintiff's primary duty was not the performance of work requiring a specialized advanced degree.

17. As a staff accountant, Plaintiff did not manage or direct the work of any other employees.

18. As such, Plaintiff's position cannot be classified as exempt under the administrative exemption.

19. As such, Plaintiff's position cannot be classified as exempt under the professional exemption.

20. As such, Plaintiff's position cannot be classified as exempt under the executive exemption.

21. Defendants knew or should have known that Plaintiff's position as a staff accountant failed to meet any exemption under the FLSA, and did not rely upon any legal opinion for classifying the position as exempt.

22. Defendants knew or should have known that its policy and practice of taking deductions from salaried exempt employees for missed time in half day increments or less is a violation of the FLSA's salary basis.

23. Defendants knew and were aware that their salary deduction policy was in direct conflict with the FLSA, and that they did not have a bona fide plan, policy or practice of providing compensation for salary lost due to illness.

24. Defendants willfully misclassified Plaintiff as an exempt employee to avoid having to pay overtime wages and required federal payroll taxes.

25. During Plaintiff's employment with Defendants it was routinely necessary for him to work greater than forty (40) hours in a week to complete all tasks.

26. Defendants knew that Plaintiff was working over 40 hours per week routinely.

27. Defendants did not clock or record the work hours of Plaintiff.

28. Plaintiff received a weekly wage payment of no more than $865.38, no matter how many hours he worked for Defendants over the forty-hour work week.

29. However, Defendants would dock Plaintiff's pay if he missed even a partial day of work, including if he were sick or injured.   Upon information and belief Defendants instituted this same policy for all salaried exempt employees and took deductions from employees' salaries for missed time in less than whole day increments.

30. Defendants does not and cannot have a good faith basis under the FLSA or any other law for misclassifying Plaintiff as an exempt employee or for their policy of deducting pay from salaried employees in less than whole day increments for missed time, and failing to pay him overtime wages.

**COUNT I**
**UNPAID OVERTIME DUE UNDER THE FLSA**

31. Plaintiff adopts and re-alleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32. At all relevant times, Defendant employed Ethier within the meaning of the FLSA.

33. Defendant failed to pay overtime compensation due to Plaintiff for hours worked in excess of forty (40) hours per week at rates of one and half times their regular rate of pay in a violation of the 29 U.S.C. § 207.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

35. Defendants acted with reckless disregard to the FLSA's overtime wage requirements, including the salary basis requirements as it relates to Plaintiff.

36. The forgoing conduct, as alleged, constitutes a violation of the FLSA within the meaning of 29 C.F.R. §541.118, *et. seq.*

37. Due to the Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

38. Plaintiff attempted to resolve this dispute prior to this action but Defendants contend he was exempt and that they did not violate the FLSA.

WHEREFORE, Plaintiff Todd Ethier requests from this Court the following relief;

    a. An award to Ethier of overtime compensation for all hours worked over forty (40) for which he did not receive at least one and one-half time compensation in any given week during the past three years;

    b. An award of liquidated damages for a sum equal to that owed for unpaid overtime;

   c. An award of interest on all unpaid sums;

   d. An order awarding attorneys' fees and costs pursuant to §216 of the FLSA; and,

   e. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 9th day of November, 2016.

        */s/ Mitchell L. Feldman, Esq*.
        Mitchell L. Feldman, Esq.
        Florida Bar No.: 0080349
        MLF@feldmanlegal.us
        18801 N. Dale Mabry Hwy #563
        Lutz, FL 33548
        Tel: (813) 639-9366 / Fax (813) 639-9376
        *Attorney for Plaintiff*